FILED

2005 Jun-03  AM 10:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

CONSTANCE R. HEATH,

     Plaintiff,

v.                                 CASE NO.: CV-05-J-506-NW

WALKER COUNTY BOARD OF
COMMISSIONERS, et al.,

     Defendants.

### MEMORANDUM OPINION and ORDER

The court having set the defendant's motion to dismiss (doc. 16) and motion to dismiss the amended complaint (doc. 29) for hearing on June 1, 2005, and the parties being present by and through their respective counsel of record, the court heard oral argument from the parties. Having considered said arguments, pleadings and memoranda, the court find as follows:

Pending before the court is the motion to dismiss of defendants Walker County, Alabama; Walker County Deputy Sheriff Trent McCluskey, in his individual and official capacities; Walker County Sheriff John Mark Tirey, in his individual and official capacities; the Walker County Commission; "Walker County Sheriff's Department;" Dual Tubbs, Walker County Commissioner; Larry D. Farris, in his individual and official capacity; Ben Huggins, in his individual and official capacity; James R. Bridges, in his individual and official capacity; and Bruce Hamrick, in his

individual and official capacity (doc. 16).  These defendants filed a memorandum in support of their motion to dismiss (doc. 17), and the plaintiff filed a memorandum in opposition to the defendants' motion (doc. 19) and a response in opposition to the defendants' motion (doc. 20).   The plaintiff then filed an amended complaint (doc. 24) to specifically plead Eighth Amendment claims.  The defendants filed a motion to dismiss the amended complaint (doc. 29).

The plaintiff filed suit under 42 U.S.C. §1983 asserting violations of her minor son's Fifth and Fourteenth Amendment rights.  The plaintiff thereafter amended her complaint to add a claim under the Eighth Amendment.  The plaintiff also alleges state law claims for outrage, negligence/wantonness, assault against defendant William Lee Smith, and negligent operation and management of the county jail.

For purposes of this motion, the court takes the facts of the complaint as true: That the minor son of the plaintiff, "DKT," was transferred from juvenile detention to the Walker County Jail by Circuit Court order.  DKT was housed with an adult inmate who is a convicted felon.  While so housed, DKT was raped by the adult inmate, defendant William Lee Smith.

The plaintiff asserts that, in addition to the alleged violations of law set forth above, placing DKT in a cell with an adult inmate violated a consent decree entered by the United States District Court for the Northern District of Alabama in *Terrell v.*

*Herring*, CV 93-B-2690-J.   The consent decree covers a plaintiff class of "all prisoners who are now or in the future will be confined in the Walker County Jail in Jasper, Alabama."   The decree required the construction of a new jail, reduction of the population of the existing jail, creation of a handbook of jail policies and procedures, requirements for patrol, including visual inspection of every cell, an intercom system for inmates to contact the dispatcher, a classification system to ensure safety of inmates, and that **"juveniles charged or convicted as adults be separated from other inmates when their age or physical immaturity exposes them to risk of harm."**   Consent Decree, ¶35.   Further requirements stated include items such as sufficient staffing, training for staff, medical screenings, and disciplinary standards.

Not stated in the complaint is whether separate facilities to house minors existed at the county jail, and if so, how DKT came to be housed with an adult inmate. However, the plaintiff does argue that the Commission failed to provide an adequately sized jail, which led to overcrowding and the need to place the minor in a cell with an adult.   At the hearing, counsel for defendant stated that, upon his transfer to the county jail, DKT was originally housed alone, in accordance with the orders of defendant McCluskey.   In violation of those orders, but upon his own request, DKT was moved

3

to a cell with a convicted felon.[1]  The plaintiff further alleges that none of the jail personnel responded to DKT's requests for help and that the emergency button in the cell did not work.

The defendants who filed the motion to dismiss assert that all pending claims against them should be dismissed under Rule 12(b)(6), Fed.R.Civ.Pro.  However, "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Marsh v. Butler County, Alabama,* 268 F.3d 1014, 1022 (11th Cir. 2001).  In deciding on a motion to dismiss, a court must construe the allegations of the complaint as true.  *Gomez v. Toledo,* 446 U.S. 635, 636 n. 3 (1980).

Having considered each of the defendants' claims, the court finds as follows:

## 1. Sheriff John Mark Tirey and Deputy Sheriff McClusky, in their official capacities

These two defendants argue that the federal claims against them in their official capacities should be dismissed as barred under the Eleventh Amendment and further because they are not persons for purposes of 42 U.S.C. §1983.   As the plaintiff has not specifically named these two defendants in their official capacities, the court is of the opinion this part of the defendants' motion is moot.

---

[1]The court has not considered the facts alleged by defense counsel at oral argument in ruling on the defendants' motions to dismiss.

**2. The Walker County Commissioners and the Walker County Board of Commissioners**

Defendants argue that the Commission has no authority or responsibility to promulgate work rules for sheriff's office employees, including training, hiring, supervision or firing. *Lockridge v. Etowah County Comm'n*, 460 So.2d 1361, 1363 (Ala.Civ.App.1984). Because Alabama sheriffs represent the state, not their counties, the commission cannot be vicariously liable for the actions of a sheriff or deputy sheriff. *McMillian v. Monroe County*, 520 U.S. 781, 786, 117 S.Ct. 1734, 1737 (1997).

In a similar case, but under Georgia law, the Eleventh Circuit stated:

[Plaintiff] traces the County's liability to its failure to properly fund the resources necessary to staff the Jail. The Supreme Court has recognized that inadequate training may impose § 1983 liability on a municipality in "limited circumstances." *See Canton,* 489 U.S. at 387, 109 S.Ct. 1197. The Court, however, refused to extend liability to inadequate hiring practices. *See Brown,* 520 U.S. at 409, 117 S.Ct. 1382. [Plaintiff] is asking this Court to extend liability to inadequate budgeting practices, but does not identify any "pattern of injuries" linked to the County's budgetary decisions, nor does he insist that its accounting practices are "defective." *Id.* at 408, 117 S.Ct. 1382....

 The County's decision impacted this single case; it had no notice of the consequences "based on previous violations of federally protected rights." *Id.*

*McDowell v. Brown,* 392 F.3d 1283, 1291 (11th Cir.2004).

Based on the division of responsibility for jails under Alabama law, the plaintiff must shown that the Commissioners, in their official capacity, were on notice that some act by them violated a clearly established right.  However, the plaintiff has essentially argued only that the Commissioners allowed incompetent people to operate the jail.  "[T]o impose § 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation. *McDowell v. Brown,* 392 F.3d 1283, 1289 (11th Cir.2004), citing *Canton*, 489 U.S. at 388, 109 S.Ct. 1197.

The county commission has the duty to maintain the physical jail facilities. *Turquitt v. Jefferson County, Alabama*, 137 F.3d 1285, 1289-90 (11th Cir.1998).  The plaintiff argues that the Walker County Commission is liable for inadequately supporting the jail and failing to separate minors from adult inmates.  Because the plaintiff has alleged that various facility issues, including that an emergency button was not operational, the court shall leave this claim against the commissioners pending, for resolution upon a motion for summary judgment.

The County Commissioners also claim they should be dismissed because they are entitled to absolute legislative immunity.  See *Ellis v. Coffee County Bd. of Registrars*, 981 F.2d 1185, 1190 (11th Cir.1993).  Absolute legislative immunity does

6

protect them from claims in their individual capacities. *Woods v. Gamel,* 132 F.3d

1417 (11th Cir.1998) is on point concerning individual liability:

> [A]bsolute legislative immunity has been extended further to include
> local legislators. *See Hernandez v. City of Lafayette,* 643 F.2d 1188,
> 1193 (5th Cir.1981). Thus, county commissioners can be entitled to
> legislative immunity when acting in their legislative capacities....
>
> Legislators have absolute immunity under section 1983 when they are
> "acting within their legislative roles," performing "legislative acts."
> *Brown,* 960 F.2d at 1011 (quoting *Tower v. Glover,* 467 U.S. 914, 920,
> 104 S.Ct. 2820, 2824, 81 L.Ed.2d 758 (1984)). But, the immunity
> "extends only to actions taken within the sphere of legitimate legislative
> activity." *Id.* (quoting *Finch v. City of Vernon,* 877 F.2d 1497, 1505 (11th
> Cir.1989)). It is the nature of the act, and not the position of the actor,
> which determines when absolute legislative immunity will apply. *See
> Yeldell,* 956 F.2d at 1062. Thus, whether the ... Commissioners are
> entitled to such immunity depends upon whether when making
> budgetary decisions--including budgeting for the county jail--they were
> acting in their legislative capacity: was approving the budget a
> "legislative act"?
>
> An act is deemed legislative, rather than administrative or managerial,
> when it is policymaking and of general application. *See Brown,* 960 F.2d
> at 1011. "Only those acts which are 'necessary to preserve the integrity
> of the legislative process' are protected." *Yeldell,* 956 F.2d at 1062
> (quoting *United States v. Brewster,* 408 U.S. 501, 517, 92 S.Ct. 2531,
> 2539, 33 L.Ed.2d 507 (1972))....
>
> In this case, the commissioners' act of passing the budget was
> legislative: policymaking of general application. The county
> commissioners deliberated and then voted on a budget resolution for the
> entire county, not just the jail....

*Woods,* 132 F.3d at 1420.

> The budgetary decisions made by defendants for funding the county--
> including the jail--are legislative acts protected by legislative immunity.
> Defendant commissioners are entitled to absolute immunity from this
> suit, and their motion to dismiss (treated as a motion for summary
> judgment) should have been granted in favor of each commissioner sued
> for money damages ***in his individual capacity***.

*Woods*, 132 F.3d at 1420 (emphasis added).

The claims against the Commissioners in their individual capacities shall be dismissed. The court also notes that the plaintiff has named the Walker County Board of Commissioners as a defendant, and the individual commissioners solely in their individual capacities. Thus, the court is of the opinion that the defendants' motion to dismiss the individual commissioners in their official capacities is moot. Additionally, as a suit against the Commissioners in their official capacities is the same as a suit against the Walker County Commission or against Walker County, Alabama, the court also considers this an argument to dismiss defendant Walker County Board of Commissioners. The court shall dismiss defendant "Walker County, Alabama" as redundant of the claims against defendant Walker County Commission.

In regard to the negligent hiring/retention claims against the Walker County Commission, the court finds that the County Commission does not hire the sheriff or his staff, and cannot fire them. *See e.g.*, *Lancaster v. Monroe County, Ala.*, 116 F.3d 1419, 1430 (11th Cir.1997). ("By contrast, the sheriff's power to pick his own employees demonstrates control over those employees. In *Carr,* we deemed it

8

significant that the sheriff, and not the county, has the power to choose his own deputies. *See* 916 F.2d at 1526"). As the Walker County Commission can neither hire nor fire sheriffs or their deputies, the negligent hiring/retention claim against the Walker County Commission shall be dismissed.

### 3. Sheriff Tirey and Deputy McClusky in their individual capacities

42 U.S.C. § 1983 prohibits a person, acting under color of state law, from depriving another person of his or her rights secured by the United States Constitution. *See* 42 U.S.C. § 1983. Section 1983 creates no substantive rights on its own, but merely provides a remedy for deprivation of federal constitutional rights. *Whiting v. Traylor*, 85 F.3d 581, 583 (11th Cir.1996). To prevail on a suit under § 1983, the plaintiff must show both a deprivation of federal rights and that said deprivation was by a person acting under color of state law. *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir.1992).

In *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir.2003) the court stated that the federal rights allegedly violated must have been clearly established so as to avoid qualified immunity. However, in *Rodgers v. Horsley*, the Eleventh Circuit further explained that "[f]or a 'right' to be clearly established, '[t]he contours of the right must be sufficiently clear that a reasonable official would understand that *what he is doing* violates that right.'" *Rodgers*, 39 F.3d 308, 310 (11th Cir.1994) (emphasis in

*Rodgers*) citing *Anderson v. Creighton*, 483 U.S. 635, 639-40, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987).  The court further explained that the issue "is not whether, in general, [detainees] have a legally cognizable interest under the 14[th] Amendment to safe conditions.  They do.  Instead, the question in this case, as in all qualified immunity cases, is fact specific ..." *Rodgers*, 39 F.3d at 311.

*Marsh v. Butler County, Alabama* and *Purcell v. Toombs County, Ga.,* 400 F.3d 1313 (11th Cir.2005) put the sheriff and deputy sheriff and "jail" on notice that the conditions alleged in plaintiff's complaint violated plaintiff's clearly established constitutional rights. The Court in *Purcell v. Toombs County, Ga.*, 400 F.3d 1313 (11th Cir.2005) lists the factors in *Marsh* it found established sufficient allegations in a complaint to show "a substantial risk of inmate-on-inmate violence." *Id.* at 1321.  At least four of those twelve factors are alleged here: (1) housing pretrial detainees with convicted criminals, and not separating juveniles from adults (2) overcrowding (3) understaffing and (4) not operating the jail in accordance with written policies.  The defendants' motion to dismiss the § 1983 claim against defendants Tirey and McCluskey in their individual capacities shall be denied.

The defendants argue that Alabama law specifically approves the practice of juveniles adjudged to be adults being incarcerated in adult jails, citing Ala.Code § 12-15-32(e), but that is a misstatement of the code section.  Additionally, such a

conclusion completely ignores the *Terrell* consent order.  Additionally, § 12-15-61(d),

Ala.Code states that a juvenile may be imprisoned in an adult jail, but only if there is

a separate room for juveniles with adequate supervision.  Because DKT was a pretrial

detainee, the defendants' arguments concerning  juveniles being sentenced as adults

is simply inapplicable.[2]

### 4.  "**Walker County Sheriff's Department**" and the "**Walker County Jail**"

Defendants argue that the "Walker County Sheriff's Department" is due to be

dismissed.  Plaintiff does not contest that the sheriff's department should be dismissed.

As no such legal entity exists, the court shall grant the motion to dismiss this

defendant.  *See e.g., King v. Colbert County*, 620 So.2d 623, 626 (Ala.1993).  In their

amended motion to dismiss, the defendants also assert that the "Walker County Jail"

is due to be dismissed, as the jail is a building and not a legal entity.  This defendant

shall also be dismissed.

---

[2]Interestingly, defendants cite *McCullough v. Singletary,* 967 F.2d 530 (11th Cir.1992) for
the proposition that housing juveniles and adults together was held not to be cruel and unusual
punishment.  That case says nothing of the kind.  Rather, it concerns whether juvenile
convictions could be used to enhance a sentence received as an adult.  In that case, the defendant
was 17 at the time of the crime in issue, tried and convicted as an adult, and his sentence was
enhanced due to his juvenile criminal history.  The issue there had nothing to do with housing of
jail inmates.  However, the case that was distinguished in *McCullough*, and found to be not
relevant there, is very relevant here.  In *Doe v. McFaul*, 599 F.Supp. 1421 (N.D.Ohio 1984), the
Court held that the defendants actions, where two juveniles were attacked while intentionally
incarcerated with adults, in a facility unequipped to provide them with treatment and counseling,
constituted cruel and unusual punishment in violation of the 8th and 14th amendments.

11

**5.  The Fifth Amendment claims only apply to the federal government**

While the plaintiff has alleged that DKT's Fifth Amendment rights were violated, the court notes that the Fifth Amendment applies only to federal actions. However, the Fourteen Amendment applies the rights of the Fifth Amendment to individuals whose rights are violated by a state.  As such, the court is of the opinion that the references to the Fifth Amendment in the plaintiffs complaint are for clarification purposes as to the rights in question and not a substantive cause of action. Therefore, the court finds the defendants' motion to dismiss these claims to be moot.

**6. The Eighth Amendment does not apply to pretrial detainees**

While the court agrees with the defendants that the Eighth Amendment does not apply to pre-trial detainees, the same rights exist for pretrial detainees under the due process clause of the Fourteenth Amendment rather than the Eighth Amendment. *See City of Revere v. Massachusetts Gen. Hosp.,* 463 U.S. 239, 244, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983).   "The standard for providing basic human needs to those incarcerated or in detention is the same under both the Eighth and Fourteenth Amendments." *Purcell*, 400 F.3d at 1318 n. 13 (quoting *Marsh v. Butler County, Ala.,* 268 F.3d 1014, 1024 n. 5 (11th Cir.2001).  *See also McDowell v. Brown,* 392 F.3d 1283, 1290 n. 8 (11th Cir.2004); *Belcher v. City of Foley,* 30 F.3d 1390, 1396 (11th Cir.1994); *Hamm v. DeKalb County,* 774 F.2d 1567, 1574 (11th Cir.1985) (holding

that "in regard to providing pretrial detainees with such basic necessities as ... medical care[,] the minimum standard allowed by the due process clause is the same as that allowed by the eighth amendment for convicted persons.").

Because DKT is a pretrial detainee, the court will dismiss the plaintiff's claims under the Eighth Amendment, as those same rights are applied to DKT through the 14th Amendment.

### 7. State law claims against Sheriff Tirey and Sheriff McClusky:

These defendants argue that the state law claims against them are due to be dismissed as they are protected by sovereign immunity.  This is true for official capacity and individual capacity claims.  "Alabama grants sovereign immunity to its state executive officers pursuant to Article I, Section 14 of the Alabama Constitution of 1901.  Section 14 states that "the State of Alabama shall never be made a defendant in any court of law or equity."  "Under Alabama law, both sheriffs and deputy sheriffs are considered executive officers of the state, immune from suit under Section 14." *Tinney v. Shores,* 77 F.3d 378, 383 (11th Cir.1996).  "Under Alabama law, a claim against an Alabama sheriff in his individual capacity is barred by the doctrine of sovereign immunity." *Lancaster v. Monroe County, Ala*. 116 F.3d 1419, 1430 (11th Cir.1997); *McMillian v. Johnson,* 101 F.3d 1363, 1365 (11th Cir.1996) *cert. denied.* The court shall dismiss all state law claims against these two defendants.

**8.  State law claims against Commissioners as individuals**

Defendants argue these should be dismissed because of absolute legislative immunity or discretionary function immunity.  For the reasons stated above, the court shall dismiss these claims against the Commissioners in their individual capacities.

**9.  Plaintiff's claim for punitive damages**

Defendants argue the plaintiff cannot recover punitive damages in this case. Any claim for punitive damages shall be dismissed by the court, except for the claim for punitive damages in Count VI of the plaintiff's complaint.[3]

## CONCLUSION

Having considered the foregoing, the court **ORDERS** that the defendants' motion to dismiss is **GRANTED** as follows:

1. All claims against Walker County Sheriff's Department are dismissed.

2. All claims against Walker County, Alabama are dismissed.

3. All claims against the Walker County Jail are dismissed.

4. Any claim for punitive damages in Counts I-V of the complaint is dismissed.

5. All state law claims against defendants Tirey and McClusky in their individual capacities are dismissed.

---

[3]Count VI of the plaintiff's complaint is the only Count for which punitive damages are specifically sought.

6. The negligent hiring/retention claim against defendant Walker County Board of Commissioners and the individual commissioners in their individual capacities is dismissed.

7. Any claim for inadequately funding the jail is dismissed against the individual commissioners in their individual capacities.

8. The plaintiff's claims under the Eighth Amendment are dismissed.

The motion to dismiss is found to be **MOOT** as to the following parties and/or claims:

1. Any claims against Sheriff John Mark Tirey and Deputy Sheriff McClusky, in their official capacities.

2. Any claims against the individual Walker County Commissioners in their official capacities.

3. The Fifth Amendment claims.

The motion to dismiss is **DENIED** as to the following parties and/or claims:

1. The Walker County Board of Commissioners.

2. The § 1983 claims against defendants Tirey and McClusky in their individual capacities.

It is further **ORDERED** by the court that the plaintiff shall file an amended complaint in accordance with this Order within twenty-one (21) days from today's date.

**DONE** and **ORDERED** this the 2nd day of June, 2005.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE