FILED

2006 Aug-15 PM 12:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT D

# STATE OF ALABAMA DEPARTMENT OF CONSERVATION & NATURAL RESOURCES V. STATE PERSONNEL BOARD, 637 So.2d 894 (Ala. Civ. App. 1994)

**C**

Court of Civil Appeals of Alabama.
STATE of Alabama, DEPARTMENT OF
CONSERVATION AND NATURAL RESOURCES
v.
STATE PERSONNEL BOARD, et al.
AV92000604.

March 18, 1994.
Rehearing Denied April 22, 1994.

Department of Conservation and Natural Resources appealed order of State Personnel Board reversing dismissal of state employee on charges of misconduct. The Circuit Court, Montgomery County, William Gordon, J., affirmed, and Department appealed. The Court of Civil Appeals, Thigpen, J., held that: (1) Board was not required to follow hearing officer's recommendation that it uphold employee's dismissal, and (2) mitigating circumstances of lack of progressive discipline and unblemished record of employment supported imposition of lesser punishment.

Affirmed.

West Headnotes

**[1] Administrative Law and Procedure 15A ⟲788**

15A Administrative Law and Procedure
   15AV Judicial Review of Administrative Decisions
      15AV(E) Particular Questions, Review of
         15Ak784 Fact Questions
            15Ak788 k. Determination Supported by Evidence in General. Most Cited Cases

**Officers and Public Employees 283 ⟲72.55(1)**

283 Officers and Public Employees
   283I Appointment, Qualification, and Tenure
      283I(H) Proceedings for Removal, Suspension, or Other Discipline
         283I(H)3 Judicial Review
            283k72.49 Scope of Review
               283k72.55 Questions of Law or Fact; Findings
                  283k72.55(1) k. In General. Most

Cited Cases
Appellate court must affirm trial court's judgment if there was evidence offered supporting State Personnel Board's decision to reinstate employee.

**[2] Administrative Law and Procedure 15A ⟲791**

15A Administrative Law and Procedure
   15AV Judicial Review of Administrative Decisions
      15AV(E) Particular Questions, Review of
         15Ak784 Fact Questions
            15Ak791 k. Substantial Evidence. Most Cited Cases

**Officers and Public Employees 283 ⟲72.31**

283 Officers and Public Employees
   283I Appointment, Qualification, and Tenure
      283I(H) Proceedings for Removal, Suspension, or Other Discipline
         283I(H)2 Administrative Review
            283k72.31 k. Scope of Review; Harmless or Prejudicial Error. Most Cited Cases
State Personnel Board was not required to follow hearing officer's recommendation that it uphold employee's dismissal; substantial evidence standard applied only to hearing officer's findings, not its recommendation.

**[3] Officers and Public Employees 283 ⟲72.63**

283 Officers and Public Employees
   283I Appointment, Qualification, and Tenure
      283I(H) Proceedings for Removal, Suspension, or Other Discipline
         283I(H)4 Evidence and Witnesses
            283k72.63 k. Weight and Sufficiency. Most Cited Cases
Evidence supported State Personnel Board's decision to reinstate, rather that to discharge, employee, where there had been no progressive discipline in case, he had 13-year record as state employee, his supervisors rated his work as good, and there was no indication that employee was provided adequate supervision or instruction regarding his conduct.

**[4] Administrative Law and Procedure 15A ⟲486**

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

15A Administrative Law and Procedure
   15AIV Powers and Proceedings of Administrative Agencies, Officers and Agents
      15AIV(D) Hearings and Adjudications
         15Ak484 Findings
            15Ak486 k. Sufficiency. Most Cited Cases

**Administrative Law and Procedure 15A ⭢488**

15A Administrative Law and Procedure
   15AIV Powers and Proceedings of Administrative Agencies, Officers and Agents
      15AIV(D) Hearings and Adjudications
         15Ak488 k. Conclusions. Most Cited Cases

**Officers and Public Employees 283 ⭢72.32**

283 Officers and Public Employees
   283I Appointment, Qualification, and Tenure
      283I(H) Proceedings for Removal, Suspension, or Other Discipline
         283I(H)2 Administrative Review
            283k72.32 k. Hearing and Findings. Most Cited Cases
State Personnel Board's order reinstating employee included adequate findings of fact and conclusions of law, where order stated that mitigating circumstances existed to support lesser punishment than dismissal. Code 1975, § 41-22-16(a).

**[5] Administrative Law and Procedure 15A ⭢486**

15A Administrative Law and Procedure
   15AIV Powers and Proceedings of Administrative Agencies, Officers and Agents
      15AIV(D) Hearings and Adjudications
         15Ak484 Findings
            15Ak486 k. Sufficiency. Most Cited Cases

**Administrative Law and Procedure 15A ⭢488**

15A Administrative Law and Procedure
   15AIV Powers and Proceedings of Administrative Agencies, Officers and Agents
      15AIV(D) Hearings and Adjudications
         15Ak488 k. Conclusions. Most Cited Cases

**Officers and Public Employees 283 ⭢72.32**

283 Officers and Public Employees
   283I Appointment, Qualification, and Tenure

283I(H) Proceedings for Removal, Suspension, or Other Discipline
      283I(H)2 Administrative Review
         283k72.32 k. Hearing and Findings. Most Cited Cases
Requirements that State Personnel Board's order include findings of fact and conclusions of law can be minimally satisfied by apprising one of findings and conclusions. Code 1975, § 41-22-16(a).

**[6] Administrative Law and Procedure 15A ⭢309.1**

15A Administrative Law and Procedure
   15AIV Powers and Proceedings of Administrative Agencies, Officers and Agents
      15AIV(A) In General
         15Ak309 Proceedings in General
            15Ak309.1 k. In General. Most Cited Cases
Rigid technicalities required in court of law are not necessarily required in administrative proceedings.

*895 David J. Dean, Asst. Atty. Gen., Montgomery, for appellant.
R. Frank Ussery, Gen. Counsel, State Personnel Dept., for State Personnel Bd., Mark J. Williams, Legal Counsel, State Employees Assn., Montgomery, for Alvin Manuel Collins.
THIGPEN, Judge.
This case involves the State Personnel Board's (Board) reversal of the termination of employment of Alvin Manuel Collins by the State of Alabama, Department of Conservation and Natural Resources's (Department).

The record reveals that the Department notified Collins in writing in April 1991 that he had been recommended for dismissal from employment because of several charges of misconduct. They included charges that he had removed railroad ties from private property, had conducted personal business at state expense, had hunted on State time and without the permission of the landowner, had failed to account for State property, had filed false expense vouchers, had instructed a state employee under his supervision to file a false travel voucher, and had filed false weekly reports. Following a hearing, the Department's commissioner accepted the recommendation for dismissal; Collins appealed that decision to the Board.

A Board hearing officer conducted a hearing and determined that the charges against Collins were

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

valid and recommended that the Board sustain the termination. Ultimately, however, the Board reinstated Collins because it determined that, although the dismissal might have been supported by the evidence, punishment was too harsh "under the circumstances of this case." The Board recognized the Department's lack of progressive discipline and Collins's 13-year record as a state employee as mitigating circumstances. Further, the Board specifically determined that "lesser disciplinary action could have been administered to instruct the employee of the proper and expected course of conduct and the consequences of a failure to modify his behavior to meet those expectations." The Board ordered the Department to reinstate Collins and to restore 14 weeks of back pay and benefits. The Department appealed to the circuit court, which affirmed the Board's decision. Hence, this appeal.

The issues raised by the Department are whether the trial court applied the correct standard of review and whether the Board's order to reinstate Collins is valid pursuant to Ala.Code 1975, § 41-22-16.

[1] Ala.Code 1975, § 41-22-20(k), governs the standard of review. *State Personnel Department v. Mays,* 624 So.2d 194 (Ala.Civ.App.1993). In pertinent part, that section states that the Board's order "shall be taken as prima facie just and reasonable and the court shall not substitute its judgment for that of the [Board]." Ala.Code 1975, § 41-22-20(k). Likewise, our narrow review does not permit substitution. *State Department of Corrections v. Cooke,* 530 So.2d 839 (Ala.Civ.App.1988). This court must affirm the trial court's judgment if there was evidence offered supporting the Board's decision to reinstate Collins. See *Mays, supra.*

[2] The Board was not required to follow the hearing officer's recommendation that it uphold Collins's dismissal. See *Mays, supra,* and *Thompson v. Alabama Department of Mental Health,* 477 So.2d 427 (Ala.Civ.App.1985). If the Board rejects the hearing officer's findings, then the evidence supporting the Board's decision must be substantial. *Personnel Board v. King,* 456 So.2d 80 (Ala.Civ.App.1984). In the instant case, the Board did not reject the hearing officer's findings. The Board's order states that it adopts as part of its order the "findings of fact and conclusions of law as found by the Hearing Officer." Therefore, the substantial evidence standard of *King* does not apply.

[3] The Board apparently ordered the reinstatement of Collins because of the weight it gave to two primary factors it considered to be mitigating circumstances, i.e., a lack of progressive discipline and Collins's 13-year record as a state employee. The record discloses that no written complaints were made against Collins before his notice of dismissal, and that his performance appraisals for several years before the incidents in question *896 consistently rated Collins as "meets standards" or "exceeds standards." That evidence supports a finding that Collins's supervisors rated his work performance as good. There is no indication in the record that Collins was provided adequate supervision or instruction regarding his conduct. The Board could have determined that supervisory neglect contributed to Collins's misconduct. While this court may not agree with a Board's determination, we are not at liberty to substitute our judgment, nor to reverse a judgment that is supported by the evidence. As the trial court aptly stated, "the standard of review which binds this court" requires affirmance. Nothing in this opinion should be construed as prohibiting the Department from administering progressive discipline in accordance with Department policy or personnel regulations.

[4][5][6] The Department further argues that the Board's order did not include findings of fact and conclusions of law as required by Ala.Code 1975, § 41-22-16(a). These requirements can be minimally satisfied by apprising one of the findings and conclusions. See *Spivey v. City of Florence,* 480 So.2d 598 (Ala.Civ.App.1985). Furthermore, the rigid technicalities required in a court of law are not necessarily required in administrative proceedings. See *State Highway Department v. State Personnel Board,* 628 So.2d 878 (Ala.Civ.App.1993). We have thoroughly reviewed the Board's order, which states that, although it adopted the hearing officer's findings and conclusions, mitigating circumstances exist, such as the lack of progressive discipline and Collins's employment record, to support the imposition of a lesser punishment. We find that the order sufficiently complies.

The judgment of the trial court is due to be, and it is hereby, affirmed.

AFFIRMED.

ROBERTSON, P.J., and YATES, J., concur.
Ala.Civ.App.,1994.
State, Dept. of Conservation and Natural Resources v. State Personnel Bd.
637 So.2d 894

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.